In the Matter of JOSEPH N. OLIVA, Appellant, v. BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to review and annul a determination of the Board of Zoning Appeals of the Town of Hempstead, which denied petitioner's application for a special exception to the local zoning ordinance so as to permit him to harbor racing pigeons upon his property, the petitioner appeals from an order of the Supreme Court, Nassau County, dated March 24, 1960, which confirmed the board's determination and dismissed his petition. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

In the Matter of CHARLES PABST, Appellant, v. BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to review and annul a determination of the Board of Zoning Appeals of the Town of Hempstead, which denied petitioner's application for a special exception to the local zoning ordinance so as to permit him to harbor racing pigeons upon his property, the petitioner appeals from an order of the Supreme Court, Nassau County, dated March 24, 1960, which confirmed the board's determination and dismissed his petition. Order affirmed, without costs. No opinion. Ughetta, Acting, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

In the Matter of ANTHONY RUSSO, Appellant, v. BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to review and annul a determination of the Board of Zoning Appeals of the Town of Hempstead, which denied petitioner's application for a special exception to the local zoning ordinance so as to permit him to harbor racing pigeons upon his property, the petitioner appeals from an order of the Supreme Court, Nassau County, dated March 24, 1960, which confirmed the board's determination and dismissed his petition. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

In the Matter of QUENTIN-2ND STREET CORP., Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— In a proceeding under article 78 of the Civil Practice Act to review and annul the determination of the State Rent Administrator which denied petitioner's protest and affirmed the Local Administrator's order refusing to issue a certificate of eviction to enable petitioner, as landlord, to prosecute summary proceedings for the removal of a tenant from a certain apartment, the petitioner appeals from a final order of the Supreme Court, Kings County, dated June 12, 1961, which denied the petition and dismissed the proceeding. Order affirmed, without costs. Upon the instant record, the petitioner failed to adduce satisfactory proof that the subject apartment was the only one available for a resident superintendent. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

In the Matter of MAX ROSENTHAL, Deceased. KATHERINE ROSENTHAL, Respondent; CEMETERY ASSOCIATION OF YOUNG ISRAEL OF FLATBUSH, Appellant; ELMONT CEMETERY CO., INC., et al., Respondents.— In a proceeding under section 89 of the Membership Corporations Law, by the widow of Max Rosenthal, deceased, for the disinterment of his body from the Beth David Cemetery, the Cemetery Association of Young Israel of Flatbush appeals from an order of the Supreme Court, Queens County, dated December 28, 1961, which granted the widow's petition. Order affirmed, without costs. Under the circumstances disclosed by this record, the granting of the motion was not an improvident exercise of discretion (*Matter of Sherman* [*Mt. Eden Cemetery Assn.— West Side Inst. Synagogue*], 107 N. Y. S. 2d 905, affd. 279 App. Div. 872, affd.